# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE R. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-03190 JCH |
| | ) |
| COMMERCE BANK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dominique R. Taylor for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, plaintiff's complaint will be dismissed as frivolous.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who brings this civil action against Commerce Bank. He alleges that unnamed people at Commerce Bank have robbed him:

> My commerce banking account is being rob[bed] from the inside. They are stealing money from the inside. They are stealing money from my bank account and are possibly sending me things through the mail that I didn't pay for or ask for, however it appears as they are stealing money from my account through the inside. They are committing a federal crime. They been doing this for some time now it been like two years or I don't know how long. I noticed it while I was living by myself as I became somewhat conscious. It is possible they are taking from my account directly It possible it has it happen for more or less than the time I can remember and it is causing severe problem in my life. They removed evidence from my account and no one has any idea of who they are. I tried to find something but all I got is phone

calls asking me if I would like to turn myself in. I don't remember if I call the cops or not because I was unconscious while this was happening.

Every month or so I make a certain amount of money and I end up with a certain amount of money and I end up with a certain amount of money that I save. So I've been rob[bed] every month or every time I bought something, it has even been happening at random. I don't remember if I called the police or not. Someone called me once and asked if I like to turn myself in. They called me from different states and different numbers some of the numbers went offline or so. . .I think they might be involved with the government.

Plaintiff seeks compensatory damages and injunctive relief.

## Discussion

Plaintiff's allegations against Commerce Bank are factual frivolous and delusional and must be dismissed.[1]

Pursuant to 28 U.S.C. § 1915, a court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such a dismissal encompasses allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

---

[1] Plaintiff has additionally filed three additional actions in this District. *See Taylor v. Gains,* No. 4:19-CV-1847 NCC (E.D.Mo.) (plaintiff sued his grandmother for allegedly taking him to the hospital against his will); *Taylor v. Corporation Worldwide,* No. 4:19-CV-3088 JCH (E.D.Mo.) (plaintiff sued "corporations worldwide" for plagiarism, engaging in acts of prejudice, racism and theft); and *Taylor v. Charter,* No. 4:19CV3188 RLW (E.D.Mo) (plaintiff alleges that he noticed a cord from his Wii and a video game disc missing when two workers from Charter Communications left his home after connecting his internet).

Here, the facts in plaintiff's complaint, such as they are, clearly rise to the level of the irrational and wholly incredible. As best the Court can tell, he alleges that unnamed people may or may not be unlawfully taking money from his bank account and then harassing him on the telephone. Plaintiff does not indicate whether he believes these individuals to be employed by Commerce Bank, but he believes Commerce should be held liable for the purported missing funds. As alleged these claims have no basis in law or fact and do not state a cause of action as set forth.

Therefore, this action must be dismissed. *See Sikora v. Houston*, 162 F.3d 1165, 1998 WL 390444, at *1 (8th Cir. 1998) (unpublished opinion) (affirming district court dismissal of complaint as "delusional and therefore frivolous" where plaintiff alleged the "use of electro staticmagnetic pressure field devices that surround his body in pressure fields of varying degrees and frequencies" and that "caused him to suffer various physical problems").

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed without prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___20th___ day of ___February___, 2019.

\s\ Jean C. Hamlton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE